UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| TIMOTHY WHITTLE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:06CV01014 ERW |
| DONALD BLANKENSHIP, et al., | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND OPINION**

This matter comes before the Court on Defendants Tammy Terry, William Abbott, and Miller County's (collectively, "Miller Defendants") Motion for Summary Judgment [doc. #25] and Timothy Whittle's ("Plaintiff") Motion to Strike Defendant's Affidavit in Support of Summary Judgment [doc. #30].

### I.  PROCEDURAL BACKGROUND

Plaintiff filed suit on June 30, 2006, bringing claims for battery and also seeking damages under 42 U.S.C. § 1983 for alleged violations of his Eighth Amendment rights. A motion to dismiss was filed by the Miller Defendants on July 27, 2006, and on August 11, 2006 a motion to dismiss was filed by Donald Blankenship, David M. Rightnowar, James R. Schrimpsher, and Phelphs County ("Phelps Defendants"). As a result of these two motions, the Court partially dismissed Plaintiff's case on December 4, 2006. Remaining after the December 4, 2006 Order were Plaintiff's Counts I and II against Donald Blankenship, David M. Rightnowar and James R. Schrimpsher and Plaintiff's Count III against the Miller Defendants. Subsequent to the December 4, 2006 Order, a Suggestion of Death was filed as to David M. Rightnowar, and the Court

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

terminated all claims against David M. Rightnowar. Additionally, the parties all consented to the dismissal of Count I, and Count I was dismissed on October 24, 2007.

The claims that are still pending before this Court are Count II, against Donald Blankenship and James R. Schrimpsher, and Count III against the Miller Defendants. Following discovery, the Miller Defendants filed a Motion for Summary Judgment [doc. #25] on October 22, 2007. This motion requests that the Court grant summary judgment in favor of the Miller Defendants on Count III. Count III is brought under 42 U.S.C. § 1983 and alleges cruel and unusual punishment in violation of the Eighth Amendment. Plaintiff asserts that one of the affidavits submitted in support of the Miller Defendants' Motion for Summary Judgment should not be considered by the Court as the affiant was not disclosed to Plaintiff, and Plaintiff has filed a Motion to Strike this affidavit [doc. #30]. Both of these motions are fully briefed and presently before the Court.

## II.     BACKGROUND FACTS[1]

Plaintiff was arrested by the Phelps Defendants on July 3, 2001 and alleges that in the course of his arrest he was beaten and injured. Approximately three to four weeks after his arrest, Plaintiff was transferred to the Miller County Jail. When Plaintiff arrived in the Miller County Jail, he believed that he needed medical treatment for "headache and chest aches," but at that time the only medical problem he had was a heart condition. Nothing was done to Plaintiff at the Miller County Jail to exacerbate the injuries that he incurred in the course of his arrest. In fact, Plaintiff acknowledges that his physical condition improved while he was at the Miller County Jail. By

---

[1] The Court's recitation of the facts is taken from the Miller Defendants' Statement of Uncontroverted Material Facts, Plaintiff's Statement of Additional Material Facts and Defendant's Statement Responding to Plaintiff's Statement of Additional Material Facts.

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

August, 2001, his condition had improved to the point that he could do push-ups and sit-ups.

Plaintiff's residence at the Miller County Jail was interrupted periodically by trips to courts in other counties. Specifically, Plaintiff went to Morgan County for about one week starting at around August 10, 2001, and he was in Phelps County from August 28 through August 29, 2001, on September 26, 2001, and again from October 30 through November 5, 2001. While at the Miller County Jail, Plaintiff was checked by a nurse every day. All medications Plaintiff requested while at the Miller County Jail were provided. When Plaintiff was first brought to the Miller County Jail, he was housed in a regular holding cell. After he flooded his holding cell, causing flooding to the rest of the jail, Defendant Abbott directed Defendant Terry to put Plaintiff in the booking cell. Plaintiff was housed in the booking cell for 67 days.[2]

The parties disagree as to what treatment Plaintiff received while in the booking cell. They disagree over whether Plaintiff was given regular and sufficient shower time, and whether he was provided with a bed, mattress, blanket and pillow to sleep on. Plaintiff asserts that the Miller Defendants did not allow plaintiff to shower and kept him in the booking cell without a bed or a mattress. Plaintiff asserts that while he was in the booking cell, the water to his cell was shut off by Defendant Abbott, and that he was denied water for 24 to 48 hours at a time. In response to his suffering without water, Plaintiff alleges that Defendant Abbott said "Fuck him. Let him die." Plaintiff also states that the only toilet facility available to him was a hole in the floor with a grate over it and that he was denied food, commissary privileges, visitors, and phone calls. Plaintiff

---

[2] The documents provided to the Court do not clearly state whether Plaintiff was in the booking cell for 67 days, or if this count includes the days he was in Phelps and Morgan Counties or in disciplinary lock down, which would bring the total days actually spent in the booking cell to approximately 40 days.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

claims that Defendant Miller County and its Sheriff, Defendant Abbott, and its jail captain, Defendant Terry, failed to provide him with medical care and kept him housed in a cell where he was denied his basic needs.

The Miller Defendants note that while Plaintiff's water may have been shut-off, he was furnished drinking water in water pitchers that were kept in the booking area for that purpose. The Miller Defendants also provide documentation from a nurse that reports seeing Plaintiff after his showers and states that he received food, water and bedding. The Miller Defendants refute Plaintiffs claims that he was deprived of food by noting that his weight increased from 140 pounds on July 30, 2001 to 150 pounds on August 29, 2001 and November 6, 2001. The Miller Defendants also note that Plaintiff has not identified anyone who attempted unsuccessfully to visit or communicate with Plaintiff, and that Plaintiff has not produced any evidence that he had any funds with which to purchase commissary items.

## III.    LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment only if all of the information before the court shows "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Supreme Court has noted that "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action.'" *Id.* at 327 (*quoting* Fed. R. Civ. P. 1). "By its very terms, [Rule 56(c)(1)] provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Material facts are those "that might affect the outcome of the suit under the governing law," and a genuine material fact is one "such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Further, if the non-moving party has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, . . . there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23.

The initial burden of proof in a motion for summary judgment is placed on the moving party to establish "the non-existence of any genuine issue of fact that is material to a judgment in his favor." *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). Once this burden is discharged, if the record does in fact bear out that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on that issue. *Anderson*, 477 U.S. at 256-57. When the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 465 (8th Cir. 2002). To meet its burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In fact, the non-moving party must show there is sufficient evidence favoring the non-moving party which would enable a jury to return a verdict for it. *Anderson*, 477 U.S. at 249; *Celotex*, 477 U.S. at 334. "If the non-moving

5

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

party fails to produce such evidence, summary judgment is proper." *Olson v. Pennzoil Co.*, 943 F.2d 881, 883 (8th Cir. 1991).

The Court may not "weigh the evidence in the summary judgment record, decide credibility questions, or determine the truth of any factual issue." *Kampouris v. St. Louis Symphony Soc.*, 210 F.3d 845, 847 (8th Cir. 2000). The Court instead "perform[s] only a gatekeeper function of determining whether there is evidence in the summary judgment record generating a genuine issue of material fact for trial on each essential element of a claim." *Id.*

## IV. DISCUSSION

### A. MOTION TO STRIKE

Plaintiff has filed a motion to strike the affidavit of Captain Donald L. Kemper ("Kemper").[3] Plaintiff asserts that Kemper was not disclosed as an individual likely to have discoverable information, precluding Plaintiff from discovering information possessed by Kemper. Plaintiff seeks to have this evidence struck pursuant to Fed. R. Civ. P. 37(c)(1). The Miller Defendants respond by asserting that their initial disclosure listed as witnesses "[a]ll other individuals identified in the indexed documents" and that Kemper was listed in several of these indexed documents as being personally involved with Plaintiff.

The sanctions provided for by Fed. R. Civ. P. 37 are not mandatory sanctions. *Davis v. U.S. Bancorp*, 383 F.3d 761, 765 (8th Cir. 2004). This Rule provides that:

[a] party that without substantial justification fails to disclose information required

---

[3] The Court notes that there is some dispute over whether a motion to strike is appropriate as Fed. R. Civ. P. 12(f) applies to pleadings and not motions for summary judgment. *See, e.g. Aftergood v. Central Intelligence Agency*, 355 F. Supp 2d 557, 564 (D.D.C. 2005). However, the Eighth Circuit has previously determined that an affidavit may be struck as a sanction under Fed. R. Civ. P. 37(c)(1). *Davis*, 383 F.3d at 765.

6

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

> by Rule 26(a) or 26(e)(1) or to amend a prior response to discover as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witnesses or information not so disclosed.

Fed. R. Civ. P. 37(c)(1). The Miller Defendants had an obligation to supply names of individual witnesses. Arranging for amorphous individuals to be sprung upon unsuspecting adversaries at their whim is unacceptable. This practice from a former time is similar to supplying a single damaging document in a room filed with meaningless papers and inviting an adversary to inspect documents. To hold otherwise would suggest that the Miller Defendants expected to call all individuals listed in the indexed documents, and therefore, Plaintiff should have deposed all such individuals. However, in this case, sanctions are not appropriate as the omission of Kemper's name was harmless: Plaintiff "has failed to explain how an earlier disclosure of [Kemper's] testimony 'would have enabled [him] to avoid summary judgment.'" *Davis*, 383 F.3d at 765 (*quoting Tenkku v. Normandy Bank*, 348 F.3d 373, 743 (8th Cir. 2003). The harmlessness of the omission of Kemper's name is also evidenced by the affidavits of Defendants William Abbott and Tammy Terry, which contain the same information as Kemper's affidavit. Accordingly, Plaintiff's Motion to Strike is denied.

**B.     MOTION FOR SUMMARY JUDGMENT**

Plaintiff alleges violation of 42 U.S.C. § 1983, based on the Miller Defendants' alleged conduct. In evaluating Plaintiff's claims, the Court will assess whether "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex*, 477 U.S. at 322.

*1.     Cruel and Unusual Punishment - Deliberate Indifference to a Serious Medical Need*

7

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

At the time of the alleged conduct by the Miller Defendants, Plaintiff was a pretrial detainee. The claims of a pretrial detainee are analyzed under the due process clause of the Fourteenth Amendment rather than the Eighth Amendment's prohibitions against cruel and unusual punishment. *Spencer v. Knapheide Truck Equipment Co.*, 183 F.3d 902, 905 (8th Cir. 1999). However, the Eighth Circuit has held that the Eighth Amendment "deliberate indifference" standard, used for inmate claims for medical care, is also applicable to claims for medical care brought under the Fourteenth Amendment by pretrial detainees. *Davis v. Hall*, 992 F.2d 151, 152-53 (8th Cir. 1993).

As a result, a plaintiff must allege and prove, by a preponderance of the evidence, a "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal citations omitted). Deliberate indifference may be established "by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.* at 104-05. It is important to note, however, that mere negligence on the part of the prison guards is "insufficient to rise to a constitutional violation." *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). "An inmate must show '(1) that [he] suffered objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Plemmons v. Roberts*, 439 F.3d 818, 825 (8th Cir. 2006) (*quoting Dulany*, 132 F.3d at 1239).

Plaintiff claims that he did not receive medical attention while at the Miller County Jail, in violation of his Fourteenth Amendment rights. A serious medical need is one so obvious that even a layperson would easily recognize the need for treatment. *Aswegan v. Henry*, 49 F.3d 461, 464 (8th Cir. 1995). It is unclear whether the first prong of this test has been satisfied. Even

8

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

assuming that the first prong of this test is satisfied, and Plaintiff had a serious medical need, Plaintiff's claim fails as Plaintiff has not introduced facts from which a reasonable jury might find that prison officials deliberately disregarded his needs. The record demonstrates that he was seen daily by a nurse, and received every prescription he requested. Plaintiff has failed to present any evidence from which a reasonable jury could find that Defendants Abbott and Terry deliberately disregarded his medical needs. There is no genuine issue of material fact and Defendants Abbott and Terry are entitled to judgment as a matter of law on Plaintiff's claim of deliberate indifference to a serious medical need.

*2.        Cruel and Unusual Punishment - Unconstitutional Conditions of Confinement*

The government has a duty to protect pretrial detainees, and this duty:

> is grounded in principles of safety and general well-being: when the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs- *e.g.,* food, clothing, shelter, medical care, and reasonable safety-it transgresses the substantive limits on state action set by the Eighth Amendment and the Due Process Clause.

*Butler v. Fletcher*, 465 F.3d 340, 344-45 (8th Cir. 2006) (internal citation and quotations omitted). The conditions in which a pretrial detainee is placed cannot "amount to punishment or otherwise violate the constitution." *Davis v. Smith*, 638 F.2d 66 (8th Cir. 1981). In determining whether a pretrial detainee has been subjected to unconstitutional conditions of confinement, the Eighth Amendment deliberate indifference analysis is generally applied. *Whitnack v. Douglas County*, 16 F.3d 954, 957 (8th Cir. 1994). This requires that Plaintiff's claims satisfy an objective and a subjective component. *Whitnack*, 16 F.3d at 957.

The Court will first consider the objective component, and so must determine whether the deprivation is sufficiently serious to result in a constitutional violation. *Id.* Plaintiff asserts that he

9

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

was subjected to unconstitutional conditions of confinement. He alleges that for the days he was kept in the booking cell, he was not allowed to shower, did not have a bed or a mattress, that water was shut off to his cell, that he was denied water for 24 to 48 hours at a time, that the only toilet facility available to him was a hole in the floor with a grate over it and that he was denied food, commissary privileges, visitors, and phone calls.

That Plaintiff was placed in a booking cell that had the water turned off is not denied by the Miller Defendants. He was placed in this cell as a precaution after he flooded both his cell and the rest of the jail. The conditions under which a pretrial detainee is kept, cannot be punitive, and "must be necessarily incident to administrative interests in safety, security, and efficiency." *Johnson-El v. Schoemehl*, 878 F.2d 1043, 1048 (8th Cir. 1989). Plaintiff has not demonstrated that he was placed in the booking cell for a punitive purpose, and the facts demonstrate that Plaintiff was placed in a cell without running water in order to prevent him from flooding his cell again. This is certainly in the administrative interests of the Miller County Jail, and not in violation of Plaintiff's rights.

Plaintiff's complaint that the only toilet facility available to him was a hole in the floor with a grate over it likewise fails. This type of toilet facility is common in prisons. Handcuffing a detainee to such a toilet for an extended period of time may violate their rights. *See Norris v. Engles*, 494 F.3d 634 (8th Cir. 2007). Additionally, if the toilet is filthy, that may be indicative of a constitutional violation. *See Staggs v. Hollenbeck*, 248 F.3d 1159, at *2 (7th Cir. 2000). However, Plaintiff has introduced no such evidence, and the mere fact that this was the type of toilet he used while in the booking cell is not sufficient for a finding of unconstitutional conditions of confinement.

10

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Plaintiff's claims regarding the deprivation of commissary privileges, visitors, and phone calls likewise fail. Plaintiff "may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial." *Mann*, 497 F.3d at 825. Plaintiff has failed to produce any specific facts for the Court to consider regarding this claim. He has not demonstrated that he had funds to make a commissary purchase. He has not informed the court of anyone who tried to visit or call him who was prohibited from doing so. He even confesses in his deposition that his daughter visited him at the Miller County Jail. In the absence of specific facts to support his claims, Plaintiff's claim for deprivation of commissary privileges, visitors, and phone calls cannot survive summary judgment.

Plaintiff's remaining claims are that he was not allowed to shower, did not have a bed or mattress, that he was denied food and that he was denied water for 24-48 hour periods. First, the Court notes that liability may only be imposed for conduct that "'subjects or causes to be subjected the [Plaintiff] to a deprivation of a right secured by the Constitution and laws." *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976) (*quoting* 42 U.S.C. § 1983). The evidence submitted by Plaintiff supports his claim that Defendants Abbott and Terry were responsible for these deprivations, and for keeping Plaintiff in the booking cell. This evidence is sufficient for a reasonable jury to find a causal connection between Defendants Abbott and Terry and the claimed deprivations, and accordingly, summary judgment will not be granted for lack of a causal connection. However, the Court must still determine whether Plaintiff was subjected to unconstitutional conditions of confinement.

As discussed above, the Court applies the Eighth Amendment deliberate indifference analysis to Plaintiff's claims of unconstitutional condition of confinement. *Whitnack*, 16 F.3d at

11

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

957. This requires that Plaintiff's claims satisfy "an objective component (i.e., was the deprivation sufficiently serious?) and a subjective component (i.e., did the officials act with a sufficiently culpable state of mind?)." *Id.* (internal quotations and citations omitted).

The claimed deprivations were sufficiently serious to satisfy the objective component. Plaintiff's allegations indicate the deprivation of some of Plaintiff's "basic human needs." This "transgresses the substantive limits on state action set by the Eighth Amendment and the Due Process Clause." *DeShaney*, 489 U.S. at 200. It is important to note that "a short term deprivation is less serious for Eighth Amendment purposes than a long-term one." *Tesch v. County of Green Lake*, 157 F.3d 465, 476 (7th Cir. 1998); *Whitnack*, 16 F.3d at 958. Regardless of whether Plaintiff's deprivation lasted 40 days or 67 days, it was indisputably a long-term deprivation. The deprivation of a bed and mattress for this length of time, the deprivation of food and water for periods during this time, and the deprivation of showers are sufficient for a reasonable jury to find that these deprivations amount to a constitutional violation. The alleged constitutional violations would constitute cruel and unusual punishment as they deprive a pretrial detainee of "identifiable human need[s]." *Wilson v. Seiter*, 501 U.S. 294, 304 (1991). The objective component is therefore satisfied as this alleged deprivation is sufficiently serious. *See Whitnack*, 16 F.3d at 957.

The subjective component "requires proof that [defendant] actually knew of and recklessly disregarded this substantial risk of serious harm." *Butler*, 465 F.3d at 345 (internal citations and quotations omitted). Plaintiff must show that Defendant Abbott and Terry were "substantially aware of but disregarded" the risk. *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004). Plaintiff has introduced evidence that Defendant Abbott and Terry were behind these deprivations,

12

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

and thus certainly knew of them and disregarded the risk to Plaintiff.  This evidence is sufficient for a reasonable jury to find that the subjective component of the deliberate indifference standard is satisfied.  In viewing the facts presented in the light most favorable to the Plaintiff, as the non-moving party, and giving the Plaintiff the benefit of all reasonable inferences which may be drawn from his account of the facts, the Court finds that a reasonable jury could find that Defendant Abbott and Terry's actions amount to a constitutional violation.

Based on the findings enumerated above, Defendants Abbott and Terry are not entitled to qualified immunity.  Qualified immunity protects government officials performing discretionary duties from liability "insofar as their conduct does not violate 'clearly established' statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  The Eighth Circuit has articulated a two step inquiry that is used to determine whether a defendants actions, taken within the sphere of official responsibility, are protected by qualified immunity.  *Ware v. Morrison*, 276 F.3d 385, 387 (8th Cir. 2002); *see Saucier v. Katz*, 533 U.S. 194, 201 (2001).  The threshold question the Court must ask is "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?"  *Saucier*, 533 U.S. at 201.  The next step in the analysis is to ask if "the right was clearly established . . . in light of the specific context of the case."  *Id.* In the case at hand, the Court finds sufficient evidence that Defendants Abbott and Terry may have violated Plaintiff's constitutional rights.  Such rights, dealing with unconstitutional conditions of confinement, were clearly established at the time of the alleged attack.  *See, e.g., Davis v. Smith*, 638 F.2d 66 (8th Cir. 1981).  Therefore, Defendants Abbott and Terry's motion for summary judgment on grounds of qualified immunity should be denied.

13

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

*3.   Municipal Liability*

Municipalities and local government entitles are considered "persons" within the meaning of 42 U.S.C. § 1983, and may be liable to a plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). However, the Eighth Circuit has consistently held "that, in order for municipal liability to attach, individual liability first must be found on an underlying substantive claim." *Brockinton v. City of Sherwood, AR*, 503 F.3d 667, 674 (8th Cir. 2007) (*quoting McCoy v. City of Monticello*, 411 F.3d 920, 922 (8th Cir. 2005)). As discussed above, none of the Miller Defendants are individually liable for deliberate indifference to a serious medical need, or for unconstitutional conditions of confinement regarding Plaintiff's allegations of the water being shut off to his cell, that he had only a grate toilet, and that he was denied commissary privileges, visitors and phone calls. Therefore, the County cannot be liable under 42 U.S.C. § 1983 on these claims.

While no individual defendant was found to be liable for deliberate indifference to a serious medical need, the claim against Defendants Abbott and Terry remains on Plaintiff's claim of unconstitutional conditions of confinement, specifically his claims that he was not allowed to shower, did not have a bed or a mattress, that he was denied food and that he was denied water for 24-48 hour periods remain. For Miller County to be liable, Plaintiff "must identify a governmental 'policy or custom that caused the plaintiff's injury.'" *Brockinton*, 503 F.3d at 674 (*quoting Bd. of the County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997)). A governmental custom requires "a pattern of 'persistent and widespread' . . . practices which bec[o]me so 'permanent and well settled' as to have the effect and force of law." *Brockinton*, 503 F.3d at 674 (*quoting Doe v. Special Sch. Dist.*, 901 F.2d 642, 645 (8th Cir. 1990)). A governmental policy

14

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

"involves a deliberate choice to follow a course of action . . . made from among various alternatives by an official who has the final authority to establish governmental policy."

Plaintiff is not alleging a governmental custom, but rather that his injury was caused by a governmental policy. Defendant Abbott is the Sheriff of Miller County, and pursuant to Mo. Rev. Stat. § 221.020, governed the operations of the Miller County Jail. The Eighth Circuit has held that this statute "makes the Sheriff liable for jail conditions even though he may not have had actual knowledge of them." *Tatum v. Houser*, 642 F.2d 253, 254 (8th Cir. 1981). However, Plaintiff has produced facts showing that Defendant Abbott did more than merely be the Sheriff of Miller County. Plaintiff alleges that Defendant Abbott actually created the unconstitutional conditions of confinement. Plaintiff has alleged sufficient facts by which a reasonable jury might find the presence of a governmental policy. Defendant Abbott had authority to establish governmental policy, and the facts Plaintiff alleges indicate a deliberate choice. Accordingly, summary judgment is inappropriate, and this claim remains.

## V. CONCLUSION

The Miller Defendants are entitled to judgment as a matter of law on Plaintiff's claim of deliberate indifference to a serious medical need. Summary judgment is also granted as to Plaintiff's claims of unconstitutional conditions of confinement regarding his claims that water was shut off to his cell, that he had only a grate toilet, and that he was denied commissary privileges, visitors and phone calls. However, Plaintiff's claims as to unconstitutional conditions of confinement in Count III remain against the Miller Defendants as to his allegations that he was not allowed to shower, did not have a bed or a mattress, that he was denied food and that he was denied water for 24-48 hour periods. Count II, against Donald Blankenship and James R.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Schrimpsher, also remains pending before the Court. These Counts are set for trial on February 4, 2008.

Accordingly,

**IT IS HEREBY ORDERED** that the Miller Defendant's Motion for Summary Judgment [doc. #25] is **GRANTED in part** and **DENIED in part.** Summary Judgment is **GRANTED** on Plaintiff's claim of deliberate indifference to a serious medical need. Summary judgment is also **GRANTED** as to Plaintiff's claim of unconstitutional conditions of confinement regarding his claims that water was shut off to his cell, that he had only a grate toilet, and that he was denied commissary privileges, visitors and phone calls. However, summary judgment is **DENIED** on Plaintiff's claim of unconstitutional conditions of confinement as to his allegations that he was not allowed to shower, did not have a bed or a mattress, that he was denied food and that he was denied water for 24-48 hour periods

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Defendant's Affidavit in Support of Summary Judgment [doc. #30] is **DENIED**.

Dated this 5th Day of December, 2007.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com